MR. JUSTICE MORRISON,
dissenting:
The majority opinion mistakenly assumes that title to certain Corscadden property is at issue in the state district court case. This is not true and the whole premise of the majority opinion is fallacious.
It is true that Chisholm sued Corscadden in state district court for conversion. In a separate action the plaintiff sued the bank for bad faith alleging that the bank conspired with Corscadden to take Chisholm’s property. In neither event is title to the property being litigated because a conversion action recognizes title in the other person but seeks damages for the wrongful taking of that property. Our review here is only of the action against the bank which is not a party to the bankruptcy action.
The bankruptcy court is charged with the responsibility of marshaling assets belonging to Corscadden and should do so. The issues to be litigated in state district court have nothing to do with the issues in the bankruptcy court.
The case in state district court with which we are here confronted, involves alleged actions by the bank unlawfully interfering with *445 Chisholm’s property interests. If the allegations are true the bank was guilty of bad faith and is liable for punitive damages. It must be emphasized once more that title to the property is not an issue. Recognizing title to be in Corscadden, Chisholm alleges that the bank wrongfully took those interests from him and is liable for the reasonable value of the interests together with other damages.
The bankruptcy court itself has recognized that the issues in state district court are entirely different. By order dated April 3, 1986, the bankruptcy court stated:
“Corscadden is not a party to the state court action [between the bank and the plaintiffs] but is merely a potential witness . . . while the automatic state provisions of the bankruptcy code are intended to provide the debtor certain safeguards, the protection debtor seeks here is not within the statute. While some parallels may attach between the pending state court action and the debtor’s bankruptcy petition, debtor’s concerns of res judicata is unfounded due to the difference in party and prayer for relief.”
We are confronted with a situation where the bankruptcy court itself has said the issues are different and results of litigation between the bank and Chisholm will not affect proceedings in the bankruptcy court. Yet the state district court has refused jurisdiction to Chisholm so that Chisholm can proceed on his bad faith claim against the bank. Amazingly this Court approves.
I must express my extreme frustration with the treatment accorded these issues. The majority opinion does not address the issues in the case. Essential facts are not mentioned in the opinion. The casual reader of advance sheets would glance through the majority opinion without realizing how far off the mark the decision is. I have tried, without success, to intelligently debate the case in the Court conference. I am now left with being a voice in the wilderness on a case where the majority fails to even discuss the dispositive issues.
I dissent to the decision. I dissent to the decision-making process.